FOR PUBLICATION

JEANNE A. NAUGHTON, CLERK

SEP 27 2019

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY KA _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| In re:<br><br>SCOTT A. BARR AND DANA E. BARR,<br><br>          Debtors. |
| ERIK VAN DEXTER,<br><br>          Plaintiff,<br><br>v.<br><br>SCOTT A. BARR AND DANA E. BARR,<br><br>          Defendants. |

Case No.: 18-32869 (JNP)

Chapter 7

Adv. Pro. No. 19-01090

Judge: Jerrold N. Poslusny, Jr

**OPINION GRANTING THE PLAINTIFF'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Prior to the petition date, Erik Van Dexter ("Plaintiff") obtained a judgment (the "State Court Judgment") against Debtors/Defendants Scott A. Barr and Dana E. Barr (collectively the "Debtors") for abuse of process and against Dana Barr only for malicious prosecution. After the Debtors filed their Chapter 7 petition, Plaintiff filed a complaint seeking a determination the State Court Judgment is nondischargeable as a willful and malicious injury under section 523(a)(6) of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors answered the Complaint and then the Plaintiff filed a motion for judgment on the pleadings (the "Motion"). Plaintiff argues he is entitled to judgment because the state court necessarily determined the injuries to be willful

and malicious, and therefore the Debtors are collaterally estopped from relitigating those issues here. For the reasons stated herein, the Motion will be granted.

## Background

In 2011, the Debtors filed criminal complaints alleging that the Plaintiff had sexually abused their daughter. Dkt. No. 4. Plaintiff was arrested and charged by the Gloucester County Prosecutor's Office with criminal sexual contact and was indicted. Following a polygraph test and the Plaintiff's voluntary testimony, all charges were dropped. Id.

In 2015, the Debtors' daughter filed a civil lawsuit against the Plaintiff in the Superior Court of New Jersey, Gloucester County (the "State Court"), alleging causes of action for assault and battery and emotional distress. Dkt. No. 1. The Plaintiff denied the allegations, and filed a counterclaim against the daughter, and a Third-Party Complaint against the Debtors alleging abuse of process and malicious prosecution (the "State Court Action"). Id. In June 2017, following a jury trial, the State Court dismissed the daughter's civil complaint with prejudice. Id. A Judgment (the "State Court Judgment") was also entered against Scott Barr for $65,000 for abuse of process and against Dana Barr for $195,000 for abuse of process and malicious prosecution. Id.

On November 19, 2018, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff is scheduled as a judgment creditor with a total claim of $260,000 from the State Court Judgment. Case No. 18-32869 (the "Main Case") Dkt. No. 1. Plaintiff filed an adversary complaint (the "Complaint") seeking a determination that the State Court Judgment is nondischargeable under section 523(a)(6) of the Bankruptcy Code.[1] Dkt. No. 1. The Debtors' answer (the "Answer"), admits in part and denies in part the allegations in the Complaint. Dkt. No. 3. Plaintiff then filed the Motion, arguing that the State Court Judgment necessarily decided the

---

[1] The Complaint contains three separate counts, including non-dischargeability under sections 523(a)(2) and 523(a)(6), as well as a denial of discharge pursuant to section 727. Only the count pursuant to section 523(a)(6) is at issue in this Motion.

2

elements for nondischargeablity under section 523(a)(6) of the Bankruptcy Code. Dkt. No. 4. The

Debtors' response (the "Response") argues that there are remaining issues of fact to be tried

regarding nondischargeablity. Dkt. No. 7. The Plaintiff's reply (the "Reply"), reiterating the

arguments in the Motion. Dkt. No. 8. A hearing on the Motion was held on May 28 (the "Hearing")

at which both parties presented argument.

### Jurisdiction and Venue

This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(a) and

157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended

September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).  Venue is proper in this Court pursuant

to 28 U.S.C. § 1408.

### Judgment on the Pleadings

A motion for judgment on the pleadings is authorized by Federal Rule of Civil Procedure

12(c) (the "Rules"), made applicable by Federal Rule of Bankruptcy Procedure 7012 (the

"Bankruptcy Rules"). The standard of review for a motion under Rule 12(c) is a summary

judgment standard, unless the motion is based on a failure to state a claim. Marchand v. Whittick

(In re Whittick), 547 B.R. 628, 633 (Bankr. D.N.J. 2016) (citing Perez v. Griffin, 304 Fed. Appx.

72, 74 (3d Cir. 2008)). Therefore, the Court applies the summary judgment standard when

considering the Motion.

Under Rule 56(a), made applicable by Bankruptcy Rule 7056, a court should grant

summary judgment if the movant shows that there are no genuine issues of material fact and the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Knauss v. Dwek, 289 F.

Supp. 2d 546, 549 (D.N.J. 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When

reviewing facts under a summary judgment standard, a court's function is "to determine whether

there is a genuine issue for trial." Knauss, 289 F.Supp.2d at 549 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Once the movant has met this initial burden, the burden shifts to the non-moving party to "present evidence establishing that a genuine issue of material fact exists, making it necessary to resolve the difference at trial." Id. (citing Celotex, 477 U.S. at 324; Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985)). Facts are to be viewed in a light most favorable to the non-moving party. Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (citing Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993)). Summary judgment is proper if, after all facts are viewed and inferences are made in the non-moving party's favor, the moving party is nevertheless entitled to judgment as a matter of law. Anderson, 477 U.S. at 250.

## Discussion

Section 523(a)(6) provides that "[a] discharge . . . does not discharge an individual debtor from any debt – (6) for willful and malicious injury by the debtor to another entity . . . ." 11 U.S.C. § 523(a)(6). Both willfulness and malice need to be found for the debt to be declared nondischargeable. Cochran v. Reath (In re Reath), 368 B.R. 415, 426 (Bankr. D.N.J. 2010). Under section 523(a)(6), a "willful" act is one that occurs "when the actor purposefully inflicts injury or acts in such a manner that he is substantially certain that injury will result." In re Fisher, 2017 WL 590306 at *8 (Bankr. D.N.J. 2017) (quoting Jersey Cent. Power & Light v. Breslow, 2013 WL 632124 at *2 (D.N.J. 2013) (citing In re Conte, 33 F.3d 303, 305 (3d Cir. 1994)). The injury must be intentional and deliberate; reckless or negligent injuries do not meet the standard. Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998). A "malicious" act, refers to "a wrongful act done consciously and knowingly in the absence of just cause or excuse." Fisher, 2017 WL 590306 at *8 (quoting In re Winn, 1998 WL 34069150 at *1 (Bankr. S.D. Ill. 1998)). In Geiger, the Supreme Court also

4

noted that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts'" <u>Geiger</u>, 523 U.S. at 61 (citing Restatement (Second) of Torts § 8A, cmt. a (1964)).

Plaintiff argues that the issue of whether the Debtors' actions were "willful and malicious" were necessarily decided by the State Court Judgment, and that the Debtors are therefore estopped from relitigating these issues. Dkt. No. 4. It is settled law that issue preclusion applies to bankruptcy proceedings. <u>Grogan v. Garner</u>, 498 U.S. 279, 284-86 (1991). Issue preclusion in bankruptcy applies when the issue was previously adjudicated by a state court. <u>Baldino v. Wilson</u> <u>(In re Wilson)</u>, 116 F.3d 87, 90 (3d Cir. 1997). Issue preclusion applies when "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment . . . ." <u>Graham v. IRS (In re Graham)</u>, 973 F.2d 1089, 1097 (3d Cir. 1992) (quoting <u>In re Braen</u>, 900 F.2d 621, 628-29 n. 5 (3d Cir. 1990)).

In this case, there is no dispute that the second and third requirements are met. The State Court Action was litigated at trial before a jury, and the jury rendered specific findings of fact in response to its charge from the State Court. Those findings were the basis for the State Court Judgment, which is a final judgment. Dkt. No. 1. Accordingly, the remaining issues before this Court are whether: (a) the jury found willfulness and maliciousness as those terms are used in section 523(a)(6); and (b) the determination of those elements was essential to the State Court Judgment.

<u>Malicious Prosecution</u>

Plaintiff argues that the portion of the State Court Judgment against Dana Barr finding malicious prosecution is nondischargeable under section 523(a)(6).

To find malicious prosecution in New Jersey, a jury must find that "(1) a criminal action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3)

there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff." Lind v. Schmid, 67 N.J. 255, 262 (1975) (citing Prosser, Law of Torts, § 119 (4th ed. 1971)). "Malice" is defined under New Jersey law as "the intentional commission of a wrongful act without just cause or excuse." Mayflower Indus. v. Thor Corp., 15 N.J. Super. 139, 152 (Ch. Div. 1951) (citing Brennan v. United Hatters, 73 N.J.L. 729, 744 (E. & A. 1906)) (citations omitted) (emphasis added). Thus, a finding of "malice" under New Jersey law requires both the maliciousness and the intentionality of the action.

In Wilson, the Third Circuit determined that a New Jersey state court judgment for malicious prosecution is non-dischargeable under the Bankruptcy Code. Wilson, 116 F.3d at 89-90. The Third Circuit stated that if the potential creditor prevailed in state court on the malicious prosecution action, the debt from that judgment would be non-dischargeable as a matter of law. Id. at 89 (citing Braen, 900 F.2d 621). The court held that if the creditor "obtains a judgment, it would be nondischargeable under § 523(a)(6) as a debt incurred by the debtor's willful and malicious conduct." Id. at 90.

Because the jury in the State Court Action found malicious prosecution against Dana Barr it necessarily found the debt to be the result of a willful and malicious injury. The jury instructions in the State Court Action required the jury to apply the same four element test for malicious prosecution as laid out in Lind. Dkt. No. 8. Question 8 of the State Court verdict sheet asked whether the Plaintiff had proved by a preponderance of the evidence that Dana Barr "committed malicious prosecution by being responsible for the filing of the criminal complaints against [the plaintiff] which was a proximate cause of harm to [him]." Dkt. No. 1, Ex. A. The jury answered "yes" by a vote of six to one. Id. Under Wilson, a finding under New Jersey law of malicious prosecution necessarily includes a finding of "willful and malicious conduct" making that debt non-dischargeable. Wilson, 116 F.3d at 90. The elements of malicious prosecution require a willful

6

and malicious injury and are the same as the requirements under section 523(a)(6). The

determination of both willfulness and maliciousness was also essential in the State Court

Judgment. As a result, the first and fourth elements of issue preclusion are satisfied as to this cause

of action. Consequently, the judgment against Dana Barr for malicious prosecution is a willful and

malicious injury under section 523(a)(6) of the Bankruptcy Code and is thereby non-dischargeable.

Abuse of Process

Plaintiff also argues that the abuse of process portion of the State Court Judgment is non-

dischargeable under section 523(a)(6). "The tort of abuse of process, [is] also known as malicious

abuse or misuse of process." Avaya, Inc. v. Cisco Sys., Inc., 2012 WL 2065536, at *3 (D.N.J. June

7, 2012). While "[t]he proper name for this tort is 'malicious abuse of process'" Voytko v. Ramada

Inn of Atl. City, 445 F. Supp. 315, 324–25 (D.N.J. 1978), courts in New Jersey refer to this cause

of action interchangeably as both "abuse of process" and "malicious abuse of process." See, e.g.,

Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 431 (App. Div. 2009); Baglini v. Lauletta,

338 N.J. Super. 282, 296-98 (App. Div. 2001). Although similar, abuse of process is a separate

cause of action from malicious prosecution. In New Jersey:

> An action for malicious abuse of process is distinguished from an
> action for malicious use of process [the civil equivalent of malicious
> prosecution] in that the action for abuse of process lies for the
> improper, unwarranted and perverted use of process after it has been
> issued while that for the malicious use of it lies for causing process
> to issue maliciously and without reasonable or probable cause.

Tedards v. Auty, 232 N.J. Super. 541, 549 (App. Div. 1989) (emphasis added).

The elements of malicious abuse of process are: (1) the defendant has set legal process in

motion for an improper ulterior purpose, and (2) the defendant has committed a willful act in the

use of process which perverts the regular conduct of the proceeding to accomplish the improper

purpose. Voytko, 445 F. Supp. at 325 (citing ADM Corp. v. Speedmaster Packaging Corp., 384

F.Supp. 1325, 1349 (D.N.J.1974)). New Jersey, like most states, draws these elements from

common law, namely from Prosser:

> 'The gist of the tort is * * * misusing or misapplying process
> justified in itself for an end other than that which it was designed to
> accomplish. The purpose for which the process is used, once it is
> issued, is the only thing of importance. * * * The essential elements
> of abuse of process, as the tort has developed, have been stated to
> be: first, an ulterior purpose, and second, a wilful act in the use of
> the process not proper in the regular conduct of the proceeding.
> Some definite act or threat not authorized by the process, or aimed
> at an objective not legitimate the use of the process, is required; and
> there is no liability where the defendant has done nothing more than
> carry out the process to its authorized conclusion, even though with
> bad intentions. The improper purpose usually takes the form of
> coercion to obtain a collateral advantage, * * * such as the surrender
> of property, * * * by the use of the process as a threat or club. There
> is, in other words, a form of extortion, and it is what is done in the
> course of negotiation, rather than the issuance or any formal use of
> the process itself, which constitutes the tort.'

Gambocz v. Apel, 102 N.J. Super. 123, 128 (App. Div. 1968), cert denied, 52 N.J. 485 (1968).

(quoting Prosser, Law of Torts, § 115 (3d ed. 1964)) (ellipses original).

In this case, the State Court explained abuse of process to the jury as the follows:

> There are two basic elements necessary to sustain the cause of action
> for abuse of process. They are, one, that the [Debtors] made an
> improper, illegal and perverted use of the legal procedure. That is to
> say . . . their resort to the legal process was neither warranted nor
> authorized by law.
>
> And two, that the [Debtors] had an ulterior motive in initiating the
> legal process. In other words, abuse of process is the misuse or
> misapplication of the legal procedure in a manner not contemplated
> by law.
>
> Specifically . . . Plaintiff contends that the [Debtors] utilized the
> legal process to intimidate, harass and coerce the Plaintiff in order
> to obtain a collateral advantage. In other words . . . the [Debtors]
> invoked the legal process to accomplish some unlawful end, mainly
> to compel the Plaintiff [sic] to do some collateral thing which he
> could not legally be compelled to do.

8

Dkt. No. 8, Ex. C at 17-18 (emphasis added). Additionally, as to causation, the jury instructions

were:

> each party must . . . prove the cause of action or claims against the
> other party . . .  was a proximate cause of harm . . . By proximate
> cause is meant that the claim conduct of a party was an officiant
> cause of the harm

Id. at 18. The jury was charged with the following two questions regarding the Debtors:

> 7. Do you find that [the Plaintiff] has proven by a preponderance of
> the evidence that the third party defendant, Scott A. Barr, committed
> abuse of process by bringing legal proceedings against [the Plaintiff]
> which was a proximate cause of harm to [him] . . . .
>
> 9. Do you find that [the Plaintiff] has proven by a preponderance of
> the evidence that the third party defendant, Dana E. Barr, committed
> abuse of process by bringing legal proceedings against [the Plaintiff]
> which was a proximate cause of harm to [him].

Dkt. No. 1, Ex. A. As to Scott Barr, the jury returned an answer of "yes" by a vote of six to one,

and as to Dana Barr the jury returned an answer of "yes" unanimously. Id.

Based on this, and the case law in New Jersey governing abuse of process claims, the Court

finds that estoppel applies to the State Court Judgment because in finding for the Plaintiff the jury

necessarily had to find that the injury was willful and malicious.

First, as noted, an abuse of process claim requires "a willful act." Voytko, 445 F. Supp. at

325. New Jersey courts have repeatedly ruled that this act must be intentionally injurious. See SBK

Catalogue P'ship v. Orion Pictures Corp., 723 F. Supp. 1053, 1067–68 (D.N.J. 1989); Tedards v.

Auty, 232 N.J.Super. 541 (App. Div. 1989). For example, the court in SBK Catalogue stated that

"an action for abuse of process will not lie against a party unless that party has demonstrably used

process after its issuance solely to coerce or injure his adversary." 723 F. Supp. 1053, 1067–68

(D.N.J. 1989) (emphasis added). Black's law dictionary defines "sole" as "single; individual; and

without another or others." Black's Law Dictionary (6th ed. 1990). So, if an action was taken

"solely" to coerce or injure, then the purpose of that action necessarily was to cause the injury.

9

This matches the definition of a "willful" act under section 523(a)(6) which occurs "when the actor purposefully inflicts injury or acts in such a manner that he is substantially certain that injury will result." Fisher, 2017 WL 590306 at *8. As such, a state court judgment for abuse of process requires a showing that the injury was a willful one under section 523(a)(6).

Further, courts in New Jersey have found that the second element of the claim of abuse of process "may be met by pleading that a party 'had secured issuance of the process without reason or probable cause as evidence that [its] ultimate intent was to use it for a purpose ulterior to the one for which it was designed." Avaya, 2012 WL 2065536, at *3 (D.N.J. June 7, 2012) (citing Tedards, 232 N.J. Super. at 550) (emphasis added). This matches the definition for a malicious injury under section 523(a)(6) of the of the Bankruptcy Code. See Geiger, 523 U.S. at 64 (a malicious act is one done consciously and knowingly in the absence of just cause or excuse). For example, in Hoffman, the Appellate Division affirmed the trial court's decision to dismiss a claim for abuse of process in part because "the judge disagreed with defendant that plaintiff's actions during settlement negotiations or discussions indicated an 'ulterior motive' or malicious intent." Hoffman, 404 N.J. Super. at 431. Similarly in Tedards, the Appellate Division reversed and remanded a decision granting summary judgment to the plaintiff in an abuse of process claim, in part because it found "there is a genuine issue as to whether a defendant's 'further acts' were maliciously intended" but that "the plaintiff may demonstrate that the defendant had secured issuance of the process without reason or probable cause." Tedards, 232 N.J. Super. at 550. Thus, to establish a claim for abuse of process, a plaintiff in New Jersey must show that the defendant committed a willful and malicious act, as those terms are used under section 523(a)(6).

This Court is not aware of, nor has either party cited, any Third Circuit case law considering whether a judgment against a debtor for abuse of process necessarily satisfies the elements of section 523(a)(6) of the Bankruptcy Code. However, a review of cases from other circuits shows

that virtually all courts that have considered this question have concluded that a judgment for abuse of process from their respective state is non-dischargeable under the Bankruptcy Code.

For example, in <u>Beem v. Ferguson</u>, 713 F. App'x 974 (11th Cir. 2018), the Eleventh Circuit ruled that a state court judgment for abuse of process under Florida law and the requirements of non-dischargeability under section 523(a)(6) are sufficiently identical for collateral estoppel purposes. <u>Id.</u> at 984. Florida, like New Jersey draws from Prosser for its abuse of process law and therefore contains similar language and elements. <u>See generally</u>, <u>McMurray v. U-Haul Co.</u>, 425 So. 2d 1208, 1209 (Fla. Dist. Ct. App. 1983); <u>Blue v. Weinstein</u>, 381 So. 2d 308, 310 (Fla. Dist. Ct. App. 1980). Under Florida law, a claim for abuse of process has three elements: "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action." <u>Beem</u>, 713 F. App'x at 983 (citing <u>Hardick v. Homol</u>, 795 So.2d 1107, 1111 n.2 (Fla. 5th DCA 2001)). Florida courts have further explained that an action for abuse of process consists of a "<u>willful</u> and <u>intentional</u> misuse of process for some wrongful and unlawful object or collateral purpose." <u>Gause v. First Bank of Marianna</u>, 457 So.2d 582, 584 (Fla. 1st DCA 1984) (emphasis added) (citing <u>Peckins v. Kaye</u>, 443 So.2d 1025, 1026 (Fla. 2d DCA 1983)). The <u>Beem</u> court ruled that collateral estoppel applied to the state court judgment for abuse of process because "[a]buse of process contains an express requirement of willfulness or intent, just like § 523(a)(6)," 713 F. App'x at 983 (citing <u>Gause</u>, 457 So.2d at 584), and "an ulterior motive or purpose which closely mirrors the lack of just cause requirement for malice." <u>Id.</u> (citing <u>Hardick</u>, 795 So.2d at 1111 n.2).

Similar conclusions were drawn by the Sixth Circuit in <u>In re Abbo</u>, 168 F.3d 930 (6th Cir. 1999), where the court reviewed abuse of process under Ohio law and found that the "State Court's instructions for the abuse of process charge required the jury to prove that the defendant 'used the

11

legal process for an ulterior purpose' and that he 'intentionally' and improperly filed charges against the plaintiff . . . causing direct injury to the plaintiff." Id. at 932. Ohio abuse of process law is similar to New Jersey's and requires a plaintiff establish three elements: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A., 68 Ohio St. 3d 294, 298 (1994).

Indeed, virtually every case reviewed by this Court on the subject has ruled that a state court judgment for abuse of process is non-dischargeable because the elements of that claim satisfactorily mirrored those contained under section 523(a)(6). See, e.g., Abbo, 168 F.3d 930 (6th Cir. 1999); In re Scarborough, 171 F.3d 638 (8th Cir. 1999) (Missouri law); Beem, 713 F. App'x 974 (11th Cir. 2018) (Florida law); In re Day, 409 B.R. 337, 345 (Bankr. D. Md. 2009) (Maryland law); In re Myers, 235 B.R. 838, 843 (Bankr. D.S.C. 1998) (South Carolina law). As the Beem court noted "[i]t is thus unsurprising that our sister circuits have held that similar abuse of process judgements are non-dischargeable." Beem, 713 F. App'x at 984; (citing Scarborough, 171 F.3d at 642–44; Abbo, 168 F.3d at 932); see also Day, 409 B.R. at 345 ("Every court that has considered the issue has held that state court judgments for abuse of process are nondischargeable under section 523(a)(6)." and citing cases).

As discussed above, the elements of an abuse of process claim in each of these states are the same or similarly worded elements as New Jersey. The only significant distinction is that several of those states include a third element, requiring the plaintiff establish that he was directly injured by the abuse of process. See Beem, 713 F. App'x at 983 (Florida law requires a showing that the plaintiff was injured as a result of defendant's action); Yaklevich, 68 Ohio St. 3d at 298 (Ohio law requires the plaintiff establish a direct injury). Indeed, in In re Scott, the only case the

Court has found which does not find that estoppel applies to the an action under section 523(a)(6) based on an abuse of process claim, the court stated that "the record does not conclusively establish whether Defendant's abuse of process must have necessarily caused injury to Plaintiffs." 588 B.R. 122, 133 (Bankr. D. Idaho 2018). However, in the present case, the jury instructions on causation satisfactorily mirrored the causation requirement of section 523(a)(6), by requiring the jury find that the Debtors' abuse of process tort was the cause of the harm suffered by the Plaintiff. To the extent the Scott court based its decision on any other factors, this Court declines to adopt that minority position for the reasons discussed above.

After analysis of New Jersey's abuse of process law and consideration of the decisions made in other Circuits on this issue, the Court concludes that a judgment for abuse of process in the State of New Jersey satisfactorily mirrors the requirements of section 523(a)(6) of the Bankruptcy Code such that the issues before this Court are the same as were before the State Court and the determination was essential to the State Court Judgment. Therefore, it is appropriate that the Debtors be estopped from relitigating those issues.

### Conclusion

The State Court Judgment necessarily decided the issue of whether the injuries caused by the Debtors were willful and malicious as those terms are used in section 523(a)(6) of the Bankruptcy Code. The Debtors may not relitigate the State Court Judgment, therefore, Plaintiff is entitled to judgment on Count One of the Complaint and the Motion will be GRANTED.

Dated: September 27, 2019

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE